IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IFEDOO ENIGWE
   *Plaintiff*,

  v.

AMAZON.COM SERVICES, LLC,     No. 1:21-cv-00453-SB
AUTHOR SOLUTIONS, LLC OF DEL-
AWARE, also known as AuthorHouse

   *Defendant*.

---

Ifedoo Enigwe, Philadelphia, Pennsylvania.

                 Pro se *Plaintiff*.

Craig E. Pinkus, Philip Zimmerly, BOSE MCKINNEY & EVANS LLP, Indianapolis, Indiana.

             *Counsel for Defendant Amazon.com*.

Craig E. Pinkus, Philip Zimmerly, BOSE MCKINNEY & EVANS LLP, Indianapolis, Indiana; Nicholas D. Mozal, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware.

       *Counsel for Defendant Author Solutions, LLC of Delaware*

---

**MEMORANDUM OPINION**

February 3, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Words matter. If a party says one thing, and his agreement says another, the agreement normally wins. Ifedoo Enigwe sues his old publisher for selling his book without permission. It should not have, he says, because it agreed to end its rights to his book long ago. But their agreement does not say that. So I must dismiss his copyright and counterfeiting claims.

On this motion to dismiss, I take all the factual allegations in the complaint as true. Enigwe wrote a book and published it with AuthorHouse. Am. Compl., D.I. 3 ¶ 3. They had a falling out; he sued; and they settled. *Id.*

Fifteen years later, AuthorHouse sold two copies of Enigwe's book on Amazon. *Id.* ¶¶ 4–6. Enigwe was enraged. He says that the settlement agreement had ended AuthorHouse's "access [to] the book" years before the Amazon sales. *Id.* ¶¶ 3, 7. Besides, adds Enigwe, he never signed an agreement letting Amazon sell the book. *Id.* ¶ 8. So he sued AuthorHouse and Amazon for copyright infringement and counterfeiting. *Id.* ¶¶ 9–16.

AuthorHouse and Amazon now move to dismiss. D.I. 12. On this motion, I draw all reasonable inferences in favor of Enigwe. *Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017). And because he lacks a lawyer, I cut him extra slack. If I can "reasonably read [his] pleadings to state a valid claim," I must. *Morgan v. Scott*, 83 F. Supp. 3d 616, 620 (D. Del. 2015).

But even on that relaxed standard, Enigwe fails to plead the necessary facts for a counterfeiting claim. "Counterfeiting occurs when" someone uses a "legally registered

trademark" without authorization. *AstraZeneca AB v. Dr. Reddy's Lab'ys, Inc.*, 209 F. Supp. 3d 744, 754 (D. Del. 2016). Yet Enigwe mentions no registered trademark. So he fails to show that either company "infringed on [one]." *AstraZeneca AB*, 209 F. Supp. 3d at 755; *see* 15 U.S.C. § 1127.

His copyright-infringement claim fares no better. Enigwe had to show that AuthorHouse copied his work without authorization. *Tanksley v. Daniels*, 902 F.3d 165, 172–73 (3d Cir. 2018); *see also Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1315–16 (Fed. Cir. 2005). He acknowledges that he authorized AuthorHouse to sell his book at one point, though he gives no details. Compl. ¶¶ 3, 7. Instead, he points to a later settlement agreement. He claims that, under that agreement, AuthorHouse could list the book only "for one more year" but would "then turn over the electronic version to [him]." *Id.*

But the settlement agreement says no such thing. *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (allowing consideration of documents "*integral to or explicitly relied upon* in the complaint"). Indeed, it suggests the opposite. One provision ensured that AuthorHouse would "maintain[] the Book on [its] listing for a period of *five* [] years … without charging Enigwe its annual renewal fee." D.I. 14-1 ¶ 8 (emphasis added).

In his briefs, Enigwe changes his argument. He says that the five-year-listing provision barred AuthorHouse from selling his book all those years later. D.I. 15, at 4–5. But that argument fails too. At first glance, that provision says nothing about AuthorHouse's *rights* to sell the book going forward. D.I. 14-1 ¶ 8. And if Enigwe

3

wants to argue that it does, he cannot bring that argument to us: the settlement requires any "dispute … over [its] terms" to be brought in the Southern District of Indiana. *Id.* ¶ 23.

Thus, Engiwe has failed to provide "facts from which it would be plausible to conclude that" AuthorHouse printed his book "after the license expired." *Live Face on Web, LLC v. The Control Group Media Co.*, 150 F. Supp. 3d 489, 496 (E.D. Pa. 2015). So I dismiss his complaint.

Enigwe tries two more arguments in response, but both fail. First, he says he challenges the settlement agreement's authenticity. D.I. 15, at 3; *see also In re Burlington*, 114 F.3d at 1426 (documents considered at motion to dismiss must be authentic). But he does no such thing. Rather, he argues that the agreement should have been "filed under seal in the court docket" in the earlier lawsuit—not that it is fraudulent or has been altered. D.I. 15, at 3; *cf. Oshinsky v. N.Y. Football Giants, Inc.*, 2009 WL 4120237, at *3 (D.N.J. Nov. 17, 2009). Filing does not bear on authenticity. So I cannot credit that claim. *Id.* at *3.

Plus, Enigwe says that, even if AuthorHouse is in the clear, Amazon is not. D.I. 15, at 5. Amazon was just a platform where AuthorHouse could sell its books. *Id.* Yet when Amazon convinced AuthorHouse to do so, Enigwe says, Amazon violated antitrust laws. *Id.* 5–6. But that is irrelevant to copyright infringement. Enigwe does not point to anything else barring AuthorHouse from selling his book on Amazon. If Enigwe revives his lawsuit against Amazon, he must do so. And if he wants to bring an antitrust claim against it, he must do so expressly. *See* 15 U.S.C. § 15(a).

\* \* \* \* \*

So I dismiss Enigwe's claims. If he wants, he may amend his complaint with a different theory for why AuthorHouse's sales were barred. If believes his original agreement with AuthorHouse limited its sales, he may refile here. But if his new theory also relies on the settlement, he should file in the Southern District of Indiana, as its forum-selection clause requires. D.I. 14-1 ¶ 23.