IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IFEDOO ENIGWE
    *Plaintiff*,

v.

AMAZON.COM SERVICES, LLC,
AUTHOR SOLUTIONS, LLC
OF DELAWARE, also known as
AuthorHouse

    *Defendant*.

No. 1:21-cv-453-SB

Ifedoo Enigwe, Philadelphia, Pennsylvania.

    Pro se *Plaintiff*.

Brandon Ryan Harper, POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; Craig E. Pinkus, Philip Zimmerly, BOSE MCKINNEY & EVANS LLP, Indianapolis, Indiana.

    *Counsel for Defendant Amazon.com*.

Alan Richard Silverstein, CONNOLLY GALLAGHER LLP, Wilmington, Delaware; Craig E. Pinkus, Philip Zimmerly, BOSE MCKINNEY & EVANS LLP, Indianapolis, Indiana; Brandon Ryan Harper, Nicholas D. Mozal, POTTER ANDERSON & CORROON, LLP, Wilmington, Delaware.

    *Counsel for Defendant Author Solutions, LLC*.

**MEMORANDUM OPINION**

June 28, 2022

BIBAS, *Circuit Judge*, sitting by designation.

To save time later, parties can agree which court will decide future disputes. That happened here. Ifedoo Enigwe agreed to litigate any dispute involving a settlement agreement in Indiana. Because the terms of that agreement are relevant to one of his copyright-violation claims, I am sending that claim there. But Enigwe's other copyright theory and antitrust claim are implausible, so I dismiss them.

Enigwe wrote and copyrighted a book. Second Am. Compl., D.I. 24 ¶¶ 3–4. He published it with AuthorHouse, and AuthorHouse listed it on Amazon. *Id.* ¶¶ 3, 6–7. Eventually, Amazon printed and sold two copies. *Id.* ¶¶ 6–7.

Upset with the Amazon listing, Enigwe sued the publishers for copyright infringement. He first claimed that a settlement agreement that he signed with AuthorHouse ended its right to sell the book in 2007. D.I. 3 ¶¶ 3, 7. I dismissed that claim. D.I. 23. I did not think the settlement agreement limited AuthorHouse's rights. D.I. 22, at 3. And if he wanted to argue that it did, a forum-selection clause meant that he had to take his case to the Southern District of Indiana. *Id.* at 4. So I suggested that he either file there or bring a different claim here based on "his original agreement with AuthorHouse." *Id.* at 5.

Enigwe took me up on that suggestion and returned to this Court, new complaint in hand. He again alleges copyright infringement plus a claim for antitrust violations. The publishers ask me to dismiss or transfer the case to Indiana. D.I. 29, at 6–7.

Parts of Enigwe's complaint fail. To start, his antitrust claim is implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a claim is "plausibl[e]" if "the plaintiff

2

pleads factual content" that, if true, shows "that the defendant is liable"). Enigwe explains his theory in one short paragraph: Amazon "forc[ed] Print-on-demand book publishers to either sign over … the printing or selling of their titles or risk being barred from listing their titles on [Amazon's] website." Second Am. Compl. ¶ 15. Thus, Amazon "get[s] to control the pricing of all titles on their website" and "eliminat[es] any form of competition." *Id.*

That bare-bones statement is not enough to plead antitrust violations. Enigwe "mention[s] no specific time, place, or person involved" in the alleged violations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007). Nor does he explain how the violations harmed him: he does not say, for instance, whether Amazon's alleged price fixing involved strong-arming AuthorHouse into breaching its agreement with him. *See Steamfitters Loc. Union No. 420 Welfare Fund v. Philip Morris, Inc.*, 171 F.3d 912, 922 (3d Cir. 1999) (explaining the limits on who may allege an antitrust violation). So I dismiss this claim.

I also dismiss part of Enigwe's copyright-infringement claim. Enigwe tries to repackage the same failed argument about the settlement agreement that I dismissed in his last complaint. Though he does not mention the agreement expressly, he reiterates that AuthorHouse lost all rights to sell his book in 2007. D.I. 24 ¶ 8. I already rejected that argument and will not let Enigwe relitigate it. *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982) (law of the case).

But that is not the only copyright-infringement argument Enigwe makes. He also argues that his original agreement barred AuthorHouse from "*listing* [his] title with

3

other book outlets." Second Am. Compl. ¶ 8. And AuthorHouse could not let anyone else, including Amazon, "*print* the book without [Enigwe's] permission." *Id.*

This second try is plausible. "[U]nlawful reproduction or distribution" of a copyrighted work "beyond the scope of a license" is a violation. *Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*, 421 F.3d 1307, 1315–16 (Fed. Cir. 2005) (quoting *Stenograph LLC v. Bossard Assocs., Inc.*, 144 F.3d 96, 99 (D.C.Cir.1998)). So if Enigwe's original agreement says what he claims it says, AuthorHouse and Amazon infringed on his copyright. 17 U.S.C. § 106.

But that claim cannot be litigated in this court. *See* 28 U.S.C. § 1404(a). The publishers point out that Enigwe released in the settlement agreement "all claims … in any way connected with … [his] [b]ook." D.I. 14-1 ¶ 16; *see* D.I. 29, at 6–7 n.2; D.I. 13, at 10–14. The reach of that release clause, like the rest of the settlement agreement, is determined by Indiana law and must be litigated in Indiana. D.I. 14-1 ¶ 23. And because Enigwe identifies no other public interests justifying my keeping the case here, I will transfer it there. *Cf. Ford v. EF Explore Am., Inc.*, 2018 WL 6050671, at *2–3 (D.N.J. Nov. 19, 2018) (transferring a tort case where a release containing a forum-selection clause was raised as a defense).

\* \* \* \* \*

Enigwe's second complaint states a plausible copyright-infringement claim. But because he may have released that claim in his settlement agreement, he cannot litigate it here. So I transfer this case to Indiana.

One last note: Enigwe claims that Amazon never responded to his complaint and asks that I enter default judgment against it. D.I. 31. But that is wrong: Amazon joined AuthorHouse's motion. *See* D.I. 29. So I deny his request.